## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 03 2015, 10:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Rayna Robbins,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 3, 2015

Court of Appeals Cause No.
15A04-1504-CR-169

Appeal from the Dearborn Circuit Court

The Honorable James Humphrey, Judge

Trial Court Cause No.
15C01-1402-FB-8

**Barnes, Judge.**

# Case Summary

Rayna Robbins appeals her sentence for two counts of Class B felony dealing in a controlled substance and one count of Class D felony neglect of a dependent. We affirm.

# Issue

Robbins raises one issue, which we restate as whether her sentence is inappropriate in light of the nature of the offense and the character of the offender.

# Facts

During August of 2013, Lawrenceburg Police Detective Nicholas Beetz made several purchases of oxycodone and buprenorphine from Robbins. During the first controlled purchase, Robbins said that she might be able to get a bulk rate from a supplier in West Virginia. During another controlled purchase, Robbins was selling buprenorphine to Detective Beetz in her driveway, and Robbins's six-year-old child observed the sale. During another controlled purchase, Robbins asked Detective Beetz if he knew of other potential buyers, told him she was on probation, and said she knew how to avoid a positive drug screen.

The State charged Robbins with two counts of Class B felony dealing in a controlled substance and one count of Class D felony neglect of a dependent. Robbins pled guilty as charged. At the sentencing hearing, the trial court found Robbins's criminal history and the fact that she was a significant drug dealer in the community as aggravating factors. The trial court considered her guilty

plea as a mitigator but found it was entitled to reduced consideration because of the overwhelming evidence against her. The trial court considered but did not find undue hardship on her minor children was a mitigator. The trial court sentenced Robbins to twenty years with three years suspended to probation for each of the dealing in a controlled substance convictions and three years for the neglect of a dependent conviction with the sentences to be served concurrently. Robbins received an aggregate sentence of twenty years with three years suspended to probation. She now appeals.

## Analysis

[5] Robbins argues that her twenty-year sentence is inappropriate. Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Although Appellate Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id.*

[6] The principal role of Appellate Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a

perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Id.* at 1224.

[7]     The nature of the offense is that Robbins repeatedly sold controlled substances to an undercover police officer. At one of the controlled buys, Robbins's six-year-old child observed the sale. Robbins also told the undercover officer that she might be able to get a bulk rate from a supplier out of state, that she was on probation, and that she knew how to avoid having a positive drug screen. She also sought to expand her business by asking him if he knew of other potential buyers. Robbins pled guilty as charged, but there was overwhelming evidence against her to support the charges.

[8]     As for Robbins's character, she has a significant criminal history and history of substance abuse. Robbins has felony convictions for theft on three occasions, forgery, and check fraud. She was on probation at the time of these offenses, and she also has pending charges for theft in another county. She has violated her probation on nine occasions. The thirty-seven-year-old Robbins began abusing drugs as a teenager, and opiates have been her drug of choice for the past twelve years. She has also abused Xanax for the past fifteen years.

[9]     Robbins argues that she is a drug addict and that she sold drugs and stole to "feed her addictions." Appellant's Br. p. 6. She contends that she has made strides to overcome her addictions while incarcerated, that she has been taking the JCAP program, and that she has begun taking control of her addiction. She asks that we resentence her to the advisory term of ten years.

[10]     We recognize Robbins's addiction, but we also note that Robbins had many opportunities to address her addiction issues and failed to do so. Moreover, given Robbins's criminal history, the fact that she was on probation at the time of the offenses, and the fact that she was dealing controlled substances in front of her child, we conclude that her twenty-year sentence with three years suspended is not inappropriate.

## Conclusion

[11]     Robbins's sentence is not inappropriate. We affirm.

[12]     Affirmed.

Kirsch, J., and Najam, J., concur.